# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

KARLA COLUMBIE and
JORGE SEGURA,

     Plaintiffs,

v.                                    2:23-cv-889-SPC-NPM

CLEAR BLUE SPECIALTY
INSURANCE COMPANY,

     Defendant.

---

## ORDER

In this breach-of-insurance-contract action arising from property damage after Hurricane Ian, the parties have presented incoherent requests for relief (Docs. 42, 45)[1] from the deadlines provided in the Hurricane Scheduling Order (Doc. 7). Much of what is stated in these requests is likely moot. Since their filing, we have conducted a case-management conference (Doc. 46) and docketed a scheduling order setting additional deadlines and a trial term (Doc. 58). Otherwise, the parties' requests indicate that one or both sides misconstrue the Hurricane Scheduling Order. The HSO contemplates that, prior to mediation, the parties will produce and disclose

---

[1] Document 45 is labelled as an "amended" version of Document 42. But the parties do not afford the court the courtesy of telling us what was changed, forcing the judge and his law clerk to read them side-by-side and line-by-line to find the difference. As it turns out, there is no substantive difference between the two. So, Document 45—if filed at all—should have been labelled as a "corrected" version of Document 42; the only change we found was typographical, and footnoting the title with an explanation about what was changed is the better—and sensible—practice.

the various items listed in the order, engage in limited but key fact discovery (such as depositions of the parties and their agents), and *fully* disclose *all* opinion testimony, both lay and expert. (Doc. 7). The parties certified that they were both familiar with and would abide by the HSO. (Doc. 18). And litigants in hundreds of Hurricane Ian cases comply with the HSO without incident. If the HSO runs its course and the action remains unresolved, then the parties are permitted to complete their fact discovery, depose each other's *previously* disclosed experts, file dispositive and *Daubert* motions, and if necessary, proceed to trial. (Doc. 58).

With no request to extend any Rule 26(a)(2) deadlines,[2] and certainly no Rule 16, good-cause showing that any such deadline should be extended, the parties—unless they stipulate otherwise—are precluded from offering expert opinion testimony from anyone who was not properly disclosed pursuant to the HSO. And as provided in the current scheduling order (Doc. 58), the parties are afforded time to depose any properly disclosed experts and to complete their fact discovery. With that, it does not appear that any other relief from the HSO is warranted.

---

[2]    Civil Rule 26(a)(2) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Disclosure must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). And compliance with these requirements "is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008).

Accordingly, the joint motions for relief from the Hurricane Scheduling Order deadlines (Doc. 42, 45) are **DENIED**.

**ORDERED** on August 5, 2024.

NICHOLAS P. MIZELL
United States Magistrate Judge