UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KARLA COLUMBIE and
JORGE SEGURA,

     Plaintiffs,

v.                           Case No.: 2:23-cv-00889-SPC-NPM


CLEAR BLUE SPECIALTY
INSURANCE COMPANY,

     Defendant.
_____/

## ORDER

Before the Court is Defendant Clear Blue Specialty Insurance Company's Motion to Dismiss or Motion for Summary Final Judgment for Fraud Upon the Court (Doc. 41), Plaintiffs' response in opposition, (Doc. 50), and Defendant's Motion for Protective Order, for Discovery Sanctions Against Plaintiffs, and Motion to Strike Plaintiffs' Fact Witnesses. (Doc. 38). For the reasons that follow, the Motions are **DENIED**.

## BACKGROUND

This is a straightforward one-count breach of contract action brought by Plaintiffs Karla Columbie and Jorge Segura against Defendant Clear Blue Specialty Insurance Company. (Doc. 3). Plaintiffs allege that Clear Blue

1

breached their property insurance policy by denying coverage and failing to pay damages sustained during Hurricane Ian. The case has gotten sidetracked in discovery after the contentious deposition of Plaintiffs' public adjuster Naivys Galvez. As a result, Clear Blue filed the instant Motions alleging that Plaintiffs, their attorney, and Galvez committed fraud and discovery violations. The Motions are ripe for review.

## DISCUSSION

### A. Excusable Neglect

First, the Court addresses a procedural issue. On July 11, 2024, the Court ordered Plaintiffs to show cause why Clear Blue's Motions for Fraud Upon the Court should not be treated as unopposed for failure to timely respond. (Doc. 48). In response, Plaintiffs' counsel explains that when the Motions were filed, he was sick with the flu and was simultaneously preparing for a jury trial. (Doc. 49). This, along with the press of other cases, caused him not to calendar the response deadline. (*Id.*) Plaintiffs argue that these circumstances establish excusable neglect and request that the Court extend the response deadline to July 23, 2024.[1] (*Id.*) Clear Blue opposes the extension request. (Doc. 60).

---

[1] Plaintiffs timely filed what was titled in CM/ECF as their response, but the document was a copy of Defendant's Motion to Dismiss or Motion for Summary Final Judgment for Fraud on the Court. The Court directed Plaintiffs to file the correct document on or before July 25, 2024, and Plaintiffs complied. The Court accepts the corrected response; however, Plaintiffs'

Federal Rule 6(b)(1)(B) "requires a showing of 'excusable neglect' for an extension of a passed deadline." *Auto–Owners Ins. Co. v. Ace Elec. Serv., Inc.,* 648 F. Supp. 2d 1371, 1375 (M.D.Fla. 2009) (citation omitted). The determination of excusable neglect is an equitable one, "taking account of all relevant circumstances surrounding the party's omission." *Walter v. Blue Cross & Blue Shield United of Wis.,* 181 F.3d 1198, 1201 (11th Cir. 1999). Four factors are to be considered in determining excusable neglect: (1) the danger of prejudice to the nonmovant, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Advanced Estimating System, Inc. v. Riney,* 130 F.3d 996, 997–98 (11th Cir. 1997) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 398 (1993)). However, "the absence of prejudice to the nonmoving party" and "the interest of efficient judicial administration" are to be accorded "primary importance." *Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir.1996) (citation omitted). Moreover, "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Walter,* 181 F.3d at 1201.

---

counsel is warned of the need to timely respond to all future motions and to ensure accuracy when filing in CM/ECF.

In analyzing the factors set forth above, the Court finds excusable neglect.  Here, the brief, 15-day delay poses no danger of prejudice to Clear Blue and has no impact on the current proceedings.  Plaintiffs also appear to have acted in good faith—there's no reason to believe they wanted this delay or gained any advantage from it, and there is certainly no evidence of bad faith. Counsel's excuse, the press of other cases, is not a strong reason to miss a deadline.  However, coupled with counsel's untimely illness and given the weight of the other factors, the Court finds excusable neglect in this circumstance.  Accordingly, the Court grants Plaintiffs' request and will not treat the Motion as unopposed.

### B. Motion to Dismiss or Motion for Summary Final Judgment for Fraud Upon the Court

The Court now turns to the merits of Clear Blue's Fraud Motions.  Clear Blue claims that Plaintiffs have committed fraud on this Court, requesting the extreme sanction of dismissal or, in the alternative, summary judgment on the breach of contract claim based on the contract's "Concealment or Fraud" provision. (Doc. 41).  Both arguments concern the use of a damages estimate prepared by Alexander Ros on behalf of Plaintiffs' public adjuster Galvez. Galvez is a Florida licensed public adjuster, but Ros is not.  Clear Blue claims that farming out completion of the estimate to an unlicensed individual violates Florida law.  And, Clear Blue suggests that Plaintiffs, their attorney,

and Galvez engaged in a scheme to conceal that the estimate was prepared by an unlicensed individual, rendering the allegedly illegal conduct fraudulent. Clear Blue argues that this scheme defrauded the Court, or alternatively, that it is fraud which would contractually invalidate Plaintiffs' claim. Either way, Clear Blue wants this case thrown out due to Plaintiffs' incorporation of the damage estimate into their discovery responses.

In response to this serious accusation, Plaintiffs contend that Florida law does not prohibit licensed adjusters, like Galvez, from employing the services of a third party to document damages or prepare a repair estimate. But, more importantly for purposes of resolving these Motions, Plaintiffs argue that there is no evidence of any intentional scheme to conceal Ros's involvement in preparation of the estimate or his qualifications.

The Court has discretion to dismiss a complaint if there is clear and convincing evidence that the Plaintiff committed a fraud upon the Court. *See Arzuman v. Saud*, 843 So. 2d 950, 952 (Fla. 4th DCA 2003). The plaintiff must have "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." *Id.* (quotation omitted). "Because dismissal is the most severe of all possible sanctions, however, it

5

should be employed only in extreme circumstances." *Cox v. Burke*, 706 So. 2d 43, 46 (Fla. 5th DCA 1998).[2]

Defendant argues that this case is an example of one of those extreme circumstances. It is not. Defendant concedes that if Plaintiffs' conduct was limited to providing an estimate prepared by an unlicensed estimator, dismissal would be inappropriate. (Doc. 41 at 9). However, it argues that "the additional use of a licensed public adjuster to conceal [Ros's lack of licensure], coupled with the misrepresentations by Plaintiffs' attorney during the adjuster's deposition" show that this was an intentional scheme to defraud. (*Id.* at 10). However, the Court sees no clear or convincing evidence of a fraudulent scheme on this record.

First, there is no evidence that Plaintiffs tried to conceal Ros's involvement. The estimate was disclosed to Clear Blue in the normal course of discovery and bore Ros's company name, AR Estimating & Appraisal, not

---

[2] Under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), this Court has an obligation to follow Florida substantive law as a Court sitting in diversity; however, procedural matters are governed by federal law. *See Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525 (1958); *Hanna v. Plumer*, 380 U.S. 460 (1965). In the present Motions, Clear Blue argues that misstatements occurring during discovery conducted pursuant to the Federal Rules of Civil Procedure created a fraud upon the court and should result in the dismissal of this action. The Court need not determine whether the conduct at issue is "substantive" or "procedural," because federal law in the Eleventh Circuit is similar to Florida law on the matter. *See Davenport Recycling Assocs. v. Comm'r of Internal Revenue*, 220 F.3d 1255, 1262 (11th Cir. 2000) ("Fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision, preventing the opposing party from fully and fairly presenting his case" (quotations omitted)); *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987) (applying "clear and convincing" standard). The Court would reach the same result applying either Florida or federal law.

Galvez's company name, Royalty Estimating & Appraisal Corp. (Doc. 41-8). So, it was not presented as an estimate prepared by Galvez or her company. And Galvez testified at her deposition that she did not estimate the damages to the property and that she sent Ros on her behalf. (Doc. 41-5 at 13:8-13). When asked whether Ros had any licenses or certifications, Galvez testified that she didn't know. (*Id.* at 13:17-19). Simply, there is no evidence that Plaintiffs intentionally used Galvez or her company to hide Ros's involvement or that she attempted to conceal information about his qualifications.

Second, the Court addresses the misrepresentation made by Plaintiffs' counsel at Galvez's deposition, which is heavily relied on by Clear Blue to substantiate the claimed fraud. During the deposition, while Clear Blue's counsel questioned Galvez about Ros's qualifications, Plaintiffs' counsel stated that Ros had already been deposed. This statement was false—Ros's deposition had been cancelled and had never been rescheduled. Defense counsel was apparently unaware of this because he was new to the case and unfamiliar with the case file. Clear Blue complains that "Plaintiffs' counsel knew that Mr. Ros had not been deposed and concealed that fact to prevent Defendant from discovering Mr. Ros was not a licensed public adjuster." (Doc. 41 at 10). In response, Plaintiffs' counsel advises the Court that this was an honest mistake made because Ros had recently been deposed (one day before

the scheduled deposition that was cancelled in this case) in another case of counsel's.  (Doc. 52 at 6).

Having reviewed the deposition transcript, the Court finds no evidence of an intent to deceive.  In its separate Motion for Discovery Sanctions, Clear Blue claims it "can only infer that Plaintiffs were aware that Mr. Ros is not a licensed public adjuster and did not want this fact in evidence."  (Doc. 38 at 5). But without providing any reasoning to support this conclusion, it is mere speculation at best.

Clear Blue's analogous case, *Mezadieu v. SafePoint Insurance Company*, 315 So. 3d 26, 28–29 (Fla. 4th DCA), is not on point.  In *Mezadieu*, the insured adopted an estimate that included at least $11,000 in repairs for damage to the kitchen unrelated to the leak, even though the insured testified that she "clearly knew" that the kitchen had not been damaged by the leak.  *Id.* at 27– 30.  The summary judgment evidence in *Mezadieu* established that the insured intentionally made false statements to the defendant, because there was direct testimony that she clearly knew the statements to be false.  That is not the case here, where there is no evidence of Plaintiffs' intent to deceive.

Even if the misstatement was intentional, the concealment of Ros's licensure still would not rise to the level of fraud on the court.  *See Gupta v. U.S. Atty. Gen.*, 556 F. App'x 838, 840–41 (11th Cir. 2014) ("The mere nondisclosure of allegedly pertinent facts does not ordinarily rise to the level

of fraud on the court.")[3]; *S.E.C. v. ESM Grp., Inc.*, 835 F.2d 270, 273–74 (11th Cir. 1988) (holding that even perjury in a former action does not constitute fraud upon the court because "[t]his is the type of fraud which the litigants should discover; it does not prevent a party from gaining access to an impartial system of justice."); *McCarthy v. Am. Airlines, Inc.*, No. 07-61016-CIV, 2008 WL 2517129, at *2-3 (S.D. Fla. June 23, 2008) (plaintiff's failure to disclose treating physicians, a prior injury, and treatment in connection with that injury did not warrant the "extreme sanction of dismissal"); *Bassett v. Wal-Mart Stores E., LP*, No. 18-61984-CIV, 2019 WL 4691824, at *2 (S.D. Fla. July 10, 2019) (allegations that the plaintiff misrepresented "her history of injuries and pain", "her prior physicians and medical history," and "her prior personal injury claims" in her deposition and interrogatories did not warrant dismissal for fraud). Clear Blue has failed to establish by clear and convincing evidence that the Plaintiffs sentiently attempted to commit fraud upon the Court.

The misstatement also did not unfairly hamper Clear Blue from making its case. Clear Blue's counsel was obligated to be familiar with the file ahead of a deposition and should have known that Ros had not yet been deposed. *See* R. Regul. FL. Bar 4-1.1 (requiring a lawyer to provide competent representation to a client, which includes the thoroughness and preparation

---

[3] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority." *United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) (citing 11th Cir. R. 36-2).

reasonably necessary for the representation).  Counsel cannot blame his lack of familiarity with the case file on Plaintiffs.[4]  And the misstatement did not prevent Clear Blue from discovering that Ros was not licensed in Florida as a public adjuster.  So, there is also no prejudice to Clear Blue, and its claim that it was "deprived of evidence of insurance fraud" is unfounded.  (Doc. 38 at 7); *see Tran v. GEICO Gen. Ins. Co.*, No. 3:19-CV-1088-MMH-JRK, 2021 WL 4690700, at *2 (M.D. Fla. Oct. 7, 2021) (finding no fraud on the court when defendants failed to show prejudice from a nondisclosure where they discovered the information prior to trial and had the opportunity to question the parties' experts about it).  Notably, the Court has granted Clear Blue's request to amend its answer and affirmative defenses to add affirmative defenses it claims resulted from the alleged fraud, (Doc. 54), and the discovery deadline has been extended until the end of October 2024, so there is ample time to conduct discovery on the matter.  (Doc. 58).

The rest of Clear Blue's grievances concern Plaintiffs' counsel's "improper objections" and characterizations of counsel's questions during

---

[4] In the separate Motion for Discovery Sanctions, counsel incredibly suggests his lack of preparation "heightened" Plaintiffs' wrongful conduct, claiming that "he notified Plaintiffs' counsel that he was still on paternity leave and was not fully briefed on the proceedings that had taken place to date" prior to the deposition, which he claims makes the misrepresentation even more egregious. (Doc. 38 at 6).  However, counsel could have requested postponement of the deposition or sent another attorney from his firm if he was not sufficiently prepared. Attending the deposition without adequate preparation is unacceptable, and counsel certainly cannot blame his opponent or Plaintiffs for this unwise decision.

Galvez's deposition, which are the subject of Defendant's separate Motion for Discovery Sanctions. None of the complained-of deposition conduct constitutes clear and convincing evidence of an intentional scheme to conceal Mr. Ros's lack of licensure.[5]

The alternate request for summary judgment is likewise due to be denied. Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Clear Blue contends it is undisputed that Plaintiffs' claims are barred by the Policy's "Concealment or Fraud" provision, which prohibits coverage when an insured or their agent intentionally conceals or misrepresents a material fact or circumstance relating to the policy of insurance. For the reasons stated above, whether the misrepresentation was material or intentional is disputed in this record and has not been established as a matter of law. So, summary judgment is improper.

### C. Motion for Protective Order, for Discovery Sanctions Against Plaintiffs, and Motion to Strike Plaintiffs' Fact Witnesses

The Court also addresses Clear Blue's Motion for Protective Order, for Discovery Sanctions Against Plaintiffs, and Motion to Strike Plaintiffs' Fact

---

[5] Clear Blue's requested relief also includes a finding by this Court that Plaintiffs' counsel spoliated evidence. There is no cited legal or factual basis for a finding of spoliation, so this requested relief is denied.

Witnesses (Doc. 38), which is incorporated by reference into the Fraud Motions. A bulk of these Motions focuses on the misrepresentation made by Plaintiffs' counsel during Galvez's deposition, which the Court has already addressed above.  In addition to seeking sanctions based on the misrepresentation, Clear Blue also complains that Plaintiffs' counsel "objected in an argumentative and suggestive manner" throughout the deposition and "attempted to make Ms. Galvez hostile and uncooperative" towards Defense counsel.  Specifically, Clear Blue cites an 8-page argument between the attorneys concerning whether one question asked by Defense counsel was insulting to the witness.  At the end of the exchange, Defense counsel asked the question and the witness answered.

Nevertheless, Clear Blue claims that this exchange "wasted Defendant's resources, irreparably tainted the deposition testimony, hampered Defendant's preparation of its case for trial, and spoliated evidence by making argumentative, suggestive objections during the deposition that reduced witness cooperation and made her subsequent answers more evasive."  (Doc. 38 at 15).  And, for this conduct, Clear Blue requests that the Court dismiss Plaintiffs' entire case, or, alternatively, strike Galvez and Ros as witnesses and grant an adverse inference that Ros was not a licensed public adjuster.[6] Neither sanction is warranted.

---

[6] The title of the Motion also requests a protective order, but nowhere in the body does Clear Blue request such relief.

Federal Rule of Civil Procedure 37 empowers the district court to compel compliance with discovery procedures through a broad choice of remedies and penalties, which includes dismissal as the most extreme and severe sanction. *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977). The alleged discovery violation complained of here is Federal Rule of Civil Procedure 30(c)(2), which requires objections during depositions to be stated "concisely in a nonargumentative and nonsuggestive manner" and which provides that a deponent may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Rule 30(d)(2) permits the imposition of appropriate sanctions on any person "who impedes, delays, or frustrates the fair examination of the deponent."

Here, sanctions are not warranted because Plaintiffs' counsel's conduct did not frustrate the fair examination of the deponent. With respect to the cited exchange, Defense counsel ultimately asked his question and the witness answered. Clear Blue points to no evidence of "reduced cooperation" or any other prejudice it suffered, other than its claim that it was prevented from discovering that Ros was unlicensed. And, that information has since been discovered, as it is the subject of Clear Blue's Fraud Motions and recently amended answer and affirmative defenses. The discovery deadline has been

13

extended, so Clear Blue may depose Ros.  No discovery violation has occurred, and sanctions will not be imposed.

## CONCLUSION

Accordingly, the Court hereby **ORDERS**:

1. Defendant Clear Blue Specialty Insurance Company's Motion to Dismiss or Motion for Summary Final Judgment for Fraud Upon the Court (Doc. 41) is **DENIED**.

2. Defendant's Motion for Protective Order, for Discovery Sanctions Against Plaintiffs, and Motion to Strike Plaintiffs' Fact Witnesses (Doc. 38) are **DENIED**.

3. Defendant's Motion for Ruling on Unopposed Motion for Discovery Sanctions and Motion for Leave to Amend (Doc. 53) is **DENIED AS MOOT**. Both Motions have now been ruled upon.

**DONE AND ORDERED** in Fort Myers, Florida on August 21, 2021.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record

14